UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIRON BEANE, | Case No. 15-CV-0568 (SRN/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| OFFICE OF MINNESOTA APPELLATE PUBLIC DEFENDER; ANDREA BARTS; BENJAMIN J. BUTLER; and CATHRYN MIDDLEBROOK, | |
| Defendants. | |

Plaintiff Tiron Beane, a prisoner, filed a complaint seeking relief under 42 U.S.C. § 1983. He did not pay any filing fee, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. In an order dated April 10, 2015, this Court ordered Beane to pay an initial partial filing fee of at least $19.09 within 20 days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* 28 U.S.C. § 1915(b); Fed. R. Civ. P. 41(b).

Beane paid the initial partial filing fee required to proceed. Based on the information provided by Beane in his IFP application, the Court finds that Beane qualifies financially for IFP status. An IFP application will be denied, however, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820

(8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Beane seeks to bring ineffective-assistance-of-counsel claims against the public defenders who represented him in post-conviction proceedings in state court. However, "'there is no federal constitutional right to the effective assistance of post-conviction counsel.'" *Christenson v. Ault*, 598 F.3d 990, 995 (8th Cir. 2010) (quoting *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004)). Because there is no constitutional right to counsel in post-conviction proceedings, Beane's cannot bring a claim under § 1983 for the alleged ineffective assistance of post-conviction counsel. *Cf. Taylor v. Dickel*, 293 F.3d 427, 431 (8th Cir. 2002). Any claim brought by Beane under § 1983 based on the alleged ineffective assistance of his post-conviction counsel should therefore be dismissed for failure to state a claim on which relief may be granted.[1]

It is possible that Beane may be able to bring state-law claims against the defendants, such as claims for negligence or legal malpractice, based on the allegations in the complaint. That said, Beane cannot pursue those state-law claims in this venue at this time, as the Court

---

[1] Beane also includes a conclusory allegation that defendants discriminated against him. *See* Compl. at 2. But Beane has not pleaded allegations from which, if proved true, a factfinder could conclude that any of the defendants acted in a discriminatory manner. In fact, Beane does not even allege the basis of the discrimination; he does not, for example, allege whether he was discriminated against on the basis of his race, or his age, or because of some other factor.

lacks original jurisdiction over those claims.  Such state-law claims would not raise a federal question sufficient to vest this Court with jurisdiction under 28 U.S.C. § 1331.  Moreover, Beane does not allege that diversity of citizenship exists among the parties, and it does not appear to this Court that diversity of citizenship is likely.  Beane is by all indications a citizen of Minnesota, and he is attempting to sue a Minnesota agency and three attorneys who practice in the State of Minnesota.   Pursuant to 28 U.S.C. § 1332(a) does not confer original jurisdiction to this Court.  Finally, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Because this Court believes Beane's Complaint fails to state a claim under § 1983, and because the Court lacks original jurisdiction over the remaining state-law claims, it is recommended that Beane's complaint be summarily dismissed without prejudice under § 1915(e)(2)(b)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Tiron Beane's complaint be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(b)(ii).

2. Beane's application to proceed *in forma pauperis* [ECF No.2] be DENIED.

Dated:  April 29, 2015            *s/Steven E Rau*
                                  Steven E. Rau
                                  U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objectives to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**   This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.